UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DE'MARIO DRIVER, ) | |
| ) | |
| Plaintiff, ) | No. 3:11-cv-00108 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the DeBerry Special Needs Facility in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Tennessee Department of Corrections, the DeBerry Special Needs Facility, and several correctional officers employed by the DeBerry Special Needs Facility. The plaintiff alleges that the defendants failed to protect the plaintiff from another inmate who threw feces at the plaintiff. The plaintiff further alleges that he was not afforded the opportunity to pursue grievances regarding the incident or to press formal charges against the perpetrator. (Docket No. 1). The plaintiff seeks compensatory damages from the defendants totaling $31,500.00. (*Id*. at p.7).

### I.   Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable

basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II. Section 1983 Standard

The plaintiff alleges claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. Facts as Alleged by the Complaint

The plaintiff alleges that, on October 26, 2010, while he was outdoors for recreational time at the DeBerry Special Needs Facility, he saw another inmate with whom he had experienced "problems" in the past, Mr. Granderson. The plaintiff asked the pod officers to take Mr. Granderson inside before the plaintiff because the plaintiff feared that Mr. Granderson would throw human feces at him. According to the plaintiff, the pod officers escorted someone else inside first, and the plaintiff was "assaulted and hit with human feces" by Mr. Granderson. (Docket No. 1 at p.6). The

plaintiff alleges that he was brought inside, permitted to shower, and put on "sick call" to see the doctor.

The plaintiff alleges that he has made diligent and repeated efforts to "press street charges" against Mr. Granderson as well as to pursue a prison grievance regarding the incident but, according to the plaintiff, his efforts have been ignored or thwarted by the defendants. The plaintiff alleges that the facility has a grievance policy and procedure requiring the expeditious handling of grievances, and the plaintiff believes that the policy and procedure has not been followed in this instance.

## IV.    Analysis

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates in their custody." *Farmer v. Brennan*, 511 U.S. 825, 832-33(1994). This obligation, however, is not absolute. Not every injury "suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 833. Prison officials are only liable if they acted with deliberate indifference to the safety of the inmate. *Id.*

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

3

In the instant case, the plaintiff contends that the defendants failed to prevent inmate Granderson from throwing human feces at the plaintiff while the two inmates were outdoors during recreational time, even though the plaintiff had informed the defendants that he feared being assaulted by inmate Granderson. The plaintiff does not complain that the defendants failed to clean the area or prevented the plaintiff from cleaning himself after Mr. Granderson threw feces on the plaintiff. The plaintiff does not allege that he suffered any health problems as a result of the incident.

Although the plaintiff's allegations describe a disgusting and unfortunate incident, these allegations fall short of asserting conditions that state a violation of the Eighth Amendment. *See e.g., Zimmerman v. Seyfert,* No. 9:03-CV-1389 (TJM), 2007 WL 2080517, at *29 (N.D. N.Y. July 19, 2007)(no Eighth Amendment violation where officer delayed letting plaintiff shower for approximately one-half hour after feces and urine had been thrown on him by another inmate); *Hayes v. Waite*, No. 2:06-cv-101-FtM-29DNF, 2007 WL 2827730, at *7 (M.D. Fla. Sept. 27, 2007) (no Eighth Amendment violation where other inmates created the unsanitary conditions by throwing feces and urine and where there was no allegation that defendants failed to clean up after such incidents); *Sterling v. Smith*, No. CV606-103, 2007 WL 781274, at *4 (S.D. Ga. Mar. 8, 2007) (no Eighth Amendment violation where there was no allegation that "prison officials condone such behavior [throwing fecal matter] or force [inmates] to remain in filthy conditions" and where plaintiff did not "allege that prison officials allow[ed] an unsanitary condition to persist by failing to clean the prison or refusing to provide him with cleaning supplies"); *Snyder v. McGinnis*, No. 03-CV-0902E, 2004 WL 1949472, at **9-10 (W.D. N.Y. Sept. 2, 2004) (no Eighth Amendment violation where prison officials moved inmate next to plaintiff despite knowledge that they were

enemies because risk that feces would be thrown at inmate did not rise to level necessary to sustain claim).

Insofar as the plaintiff seeks compensation for emotional distress, dismissal is appropriate because the PLRA requires that any action for emotional injury suffered while in custody is barred unless the prisoner can show physical injury. 42 U.S.C. § 1997(e). The physical injury need not be significant, but it must be more than *de minimus* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow,* 66 Fed. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)). Since the plaintiff has not alleged that he suffered any injury whatsoever from the incident, the plaintiff has failed to plead a claim that meets the PLRA's threshold. *See Owens v. Padula*, No. 8:06-3014-GRA-BHH, 2007 WL 2116440, at *9 (D.S.C. July 19, 2007) (finding that anxiety, depression, hair loss, bruises, and ruptured sinuses was not a sufficiently significant physical injury resulting from other inmates throwing feces and urine on him); *Moore v. Simmons*, No. 5:06-CT3143 H, 2007 WL 4262702, at *3 (E.D. N.C. May 18, 2007) (no constitutional violation where plaintiff did not state that the complained-of conditions, including stagnant toilets and inmates throwing feces daily, "caused him serious or significant physical injury" despite plaintiff's claim that the conditions caused "sore throat-high grade fever"); *Jennings v. Weberg*, No. 2:06-CV-235, 2007 WL 80875, at *3 (W.D. Mich. Jan 8, 2007) (dismissing case pursuant to § 1997e(e) where plaintiff alleged that he was "battered with spit and urine" on a regular basis by another inmate which caused him "fear, distress and mental anguish that he experienced as a result of Defendant's failure to protect him"); *Smith v. Edwards*, No. 06-1259, 2006 WL 3512837, at *3 (E.D. La. Dec.5, 2006) (dismissing case pursuant to § 1997e(e) where plaintiff alleged defendants allowed inmate who had AIDS to throw feces on him while being escorted from

the shower to his cell because plaintiff alleged only that he was upset, not that he suffered any physical injury); *Fackler v. Dillard*, No. 06-10466, 2006 WL 2404498, at *3 (E.D. Mich. Aug.16, 2006) (no constitutional violation where guard threw a cup of urine through the food slot of plaintiff's cell which splashed on plaintiff because, although devoid of any penological purpose, plaintiff did "not allege that she sought medical attention as a result of the incident or that she suffered any lingering injuries" beyond the "indignity" of it). Thus, the court finds that the plaintiff's Eighth Amendment claim must be dismissed for failure to state a claim upon which relief can be granted.

Next, the plaintiff alleges that he was not afforded the opportunity to pursue grievances regarding the feces-throwing incident or to press formal charges against the perpetrator. Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the prison's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective prison grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff here cannot support his § 1983 claim on the grounds that the various defendants' responses to his grievance was not as he felt it ought to have been. Accordingly, the plaintiff's due process claims will be dismissed for failure to state claims upon which relief can be

granted.

## V. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge